UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE,<br><br>      *Plaintiff*,<br><br>v.<br><br><br>PAULO CERQUEIRA AND MARA CERQUEIRA<br><br>      *Defendants*. | Civil Action No.: |

**MOTION TO PROCEED UNDER PSEUDONYM AND TO SEAL CERTAIN DOCUMENTS, WITH INCORPORATED MEMORANDUM OF LAW**

The Plaintiff, by counsel, respectfully moves this Court to allow her to proceed in this action under the pseudonym Jane Doe. In support of this motion, Plaintiff states that this action involves highly personal and potentially stigmatizing sexual information and fears repercussions should her identity be disclosed to the public, magnifying the harm that she has already suffered. Plaintiff also moves to seal the portions of the Declaration of Nicolaas Groeneveld-Meijer, attached hereto, that provide Plaintiff's true identity to this Court. Plaintiff further relies upon the memorandum of law submitted herewith.

Date: 12/21/2021
/s/ Nicolaas Groeneveld-Meijer

Nicolaas Groeneveld-Meijer
ME Bar No: 006892
Pine Tree Legal Assistance
39 Green Street
PO Box 2429
Augusta, ME  04338
(207) 552-3104
Nicolaasgm@ptla.org

1

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND TO SEAL CERTAIN DOCUMENTS, WITH INCORPORATED MEMORANDUM OF LAW

## I. Introduction

The Plaintiff, by counsel, respectfully moves this Court to allow her to proceed in this action under the pseudonym Jane Doe. Plaintiff is a human trafficking survivor who was sexually harassed, assaulted, and raped during the course of her ordeal. Complaint, at ¶¶ 3, 42-44, 77-79. Plaintiff is a 44-year-old woman who was lured by the Defendants into a nearly four-year predatory living situation under the pretense of performing part-time farm work for $100 per week. *Id.* at 1, 17. Instead, Plaintiff spent years working 12-hour plus days on Defendants' farm for this little pay, enduring fear, threats of violence, and sporadic violence and sexual assault by the Defendants. *Id.* at 2-3, 19-20, 27-55, 59-63.

Plaintiff wishes to protect and guard against the release of her identity due to the highly personal and potentially stigmatizing sexual information which would be forever associated with her name if it was publicized. The facts and circumstances at issue in this litigation will require Plaintiff to disclose information of the utmost intimacy. Accordingly, the Plaintiff's identity should be protected from public disclosure in court records at this time.

As such, Plaintiff Jane Doe requests this Court to permit her to proceed pseudonymously, to permit the filing of all unredacted consent forms under seal, and to require redaction of any identifying information filed in Court by any party to this action or third-party.

## II. Legal Standard

Federal Rule of Civil Procedure 10(a) "requires plaintiffs to disclose their names in the instrument they file to commence a lawsuit." Fed. R. Civ. P. 10(a). However, there "is precedent for departing from procedural custom…to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir.

1981). In considering whether to allow a plaintiff to proceed anonymously, courts generally weigh "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall,* 653 F.2d at 186.

Neither the Supreme Court nor the First Circuit has set forth a test to determine when a plaintiff may overcome the presumption of openness in judicial proceedings and proceed under pseudonym. *Doe v. Reg'l Sch. Unit No. 21*, No. 2:19-00341-NT, 2020 WL 2833248, at *2 (D. Me. May 29, 2020). But in the related context of a request to seal judicial records, the First Circuit has stated that the "starting point must always be the common-law presumption in favor of public access." *Nat'l Org. For Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011). There, the First Circuit emphasized that limiting public access to judicial records is appropriate where there is a compelling countervailing interest to justify limiting that access, such as "privacy rights of participants and third parties … which, in appropriate cases, can limit the presumptive right of access to judicial records." *McKee*, 649 F.3d at 72; *Dartmouth*, 2018 WL 2048385, at *3–4.

Courts must balance the need for confidentiality against the public interest in disclosure. *Doe v. Prudential Ins. Co. of America,* 744 F.Supp. 40, 41 (D.R.I. 1990). And "[c]ourts in the First Circuit have generally followed the Third Circuit's test." *Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 4005985, at *2 (D. Me. Sept. 2, 2021) (*citing*, *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011)); *see also Doe v. Trs. of Dartmouth Coll.*, No. 18-cv-040-LM, 2018 WL 2048385, at *4-5 (D. Mass. May 2, 2018) (noting that the "Third Circuit's test is consistent with the overall aim of the First Circuit's framework for sealing judicial records"); *Doe v. Standard Insur. Co.*, No. 1:15-cv-00105-GZS, 2015 WL 5778566, at *2–3 (D. Me. Oct. 2, 2015) (applying the Third Circuit test). Under the Third Circuit test, a court should consider:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; ... (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.... [(7)] the universal level of public interest in access to the identities of litigants; [(8)] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and [(9)] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409.

Other courts apply similar tests. The Second Circuit has found that the decision as to whether a plaintiff may proceed pseudonymously requires a balancing of the plaintiff's interest in anonymity with the public interest in disclosure, and any prejudice to the defendant. *Sealed Plaintiff v. Sealed Defendant #1,* 537 F. 3d 185, 189 (2d Cir. 2008); *see also Doe v. Bell Atl. Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D. Mass. 1995) ("The analysis is as follows: 1) there is a presumption in favor of disclosure; 2) a party may rebut the presumption by showing that a need for confidentiality exists; 3) the court must balance the need for confidentiality against the public interest in disclosure.").

The Ninth Circuit has held that the circumstances in which pseudonymous litigation is appropriate include: "(1) when identification creates a risk of retaliatory physical or mental harm,…; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,'…; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution'…" *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000) (internal citations omitted)).

Similarly, the Sixth Circuit has "excuse[d] plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). "Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id.* "This manner of proceeding is most often utilized when there is the strong likelihood that the party would be held up to public ridicule or scorn." *Gomez v. Buckeye Sugars,* 60 F.R.D. 106, 107 (N.D. Ohio 1973). The various factors considered by the Third Circuit and other courts in determining whether to allow plaintiffs to proceed with pseudonymous status demonstrate the necessity in this case.

**III.   Argument**

Pseudonymous status is warranted here because the Plaintiff will (and has through the complaint) disclosed information of the "utmost intimacy," and proceeding pseudonymously is necessary to protect the Plaintiff's privacy rights. *See McKee*, 649 F.3d at 72; *Dartmouth*, 2018 WL 2048385, at *3–4. This case involves multiple acts of rape and sexual assault arising from and related to Plaintiff's subjection to human trafficking. Sexual abuse, particularly of the degree and severity suffered by Plaintiff during the course of her trafficking, is certainly a matter of "the utmost intimacy," and thus pseudonymous status is appropriate. *See, e.g.*, *Doe v. Penzato*, No. CV10-5154, 2011 WL 910738 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously to plaintiff making allegations of sex trafficking and sexual assault); *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when

5

necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *Roe v. St. Louis Univ.*, No. 4:08CV 1474, 2009 U.S. Dist. LEXIS 27716 at *13-14 (E.D. Mo. Apr. 2, 2009) (granting anonymous status to rape victim).

Another factor favoring proceeding pseudonymously is "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously]…" *Sealed Plaintiff,* 537 F.3d at 190. If Plaintiff is identified publicly, she risks potential retaliatory harm from her trafficker. Plaintiff also fears stigma from her family, friends, employer, and community if her true identity was revealed in the public record. Plaintiff should not be compelled to disclose her identity in order to maintain her privacy and safety. As such, Plaintiff's privacy interest substantially outweighs the customary practice of judicial openness. *See Doe v. Déjà Vu Consulting, Inc., et al.*, 2017 U.S. Dist. LEXIS 142019, at *15 (M.D. Tenn. Sept. 1, 2017) ("In light of the absence of prejudice to the defendants or to the public, the court finds the plaintiff's 'privacy interests outweigh the presumption of open judicial proceedings.' The court will grant her motion to file pseudonymously and to maintain the confidentiality of her identity….").

Moreover, "[c]ourts have recognized that anonymity can be important to safeguard recovery from trauma. *Reg'l Sch. Unit No. 21*, 2020 WL 2833248, at *3; *see also Penzato*, 2011 WL 1833007, at *3. "[C]ourts now place more weight on the psychological trauma faced by victims of sexual assault" especially in light of "the easy public access of court records online." *Doe v. Haynes*, No. 4:18CV1930 HEA, 2019 WL 2450813, at *3 (E.D. Mo. June 12, 2019) (allowing plaintiff to proceed under alias because her privacy interest outweighed public interest in learning her identity).

There is no public interest in the disclosure of the Plaintiff's identity.  On the contrary,

6

the public interest is served in maintaining the Plaintiff's anonymity. *Reg'l Sch. Unit No. 21*, 2020 WL 2833248, at *3 (recognizing that "[t]he underlying concern is that, if the plaintiff's identity is exposed, other similarly situated litigants might be deterred from litigating claims that that the public wants to see litigated."). "There is a strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014) (quotation marks and alteration omitted). Requiring the Plaintiff to disclose her identity could have a chilling effect on other survivors of sexual violence. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting pseudonymous status in part because "the public generally has a strong interest in protecting the identity of sexual assault victims so that other victims will not be deterred from reporting such crimes").

    Finally, the Defendants will not be prejudiced should the Plaintiff proceed under pseudonym. The Plaintiff will agree to reveal her identity to Defendants for the limited purpose of investigating the Plaintiff's claims. Additionally, the Plaintiff has submitted a declaration from her counsel that states Plaintiff's true identity for the benefit for the Court. The Plaintiff respectfully requests that the Court seal portions of this declaration and its accompanying exhibit, which reveal the Plaintiff's true identity. The Plaintiff simply seeks redaction of the Plaintiff's personal identifying information from the public docket and assurances that the Defendants will not use or publish Plaintiff's identity in a manner that will compromise her safety, personal life, or future employment prospects.

**IV.     Conclusion**

For the reasons, stated herein, the Plaintiff respectfully requests that this Court grant her motion to proceed under pseudonym and to seal the portion of the Declaration of Nicolaas Groeneveld-Meijer and the attached exhibit that reveal the Plaintiff's true identity.

Date: 12/21/2021                                           **/s/ Nicolaas Groeneveld-Meijer**
                                                           Nicolaas Groeneveld-Meijer
                                                           ME Bar No: 006892
                                                           Pine Tree Legal Assistance
                                                           39 Green Street
                                                           PO Box 2429
                                                           Augusta, ME  04338
                                                           (207) 552-3104
                                                           Nicolaasgm@ptla.org

CERTIFICATE OF SERVICE

By my signature, I hereby certify that a copy of the foregoing was delivered via electronic notification using the CM/ECF system and/or email or First Class mail or duly appointed process server, as appropriate, on _____ to

                                                           Respectfully Submitted,
                                                           Jane Doe
                                                           By her Attorney,

Date: _____                                    **/s/ _____**
                                                           Nicolaas Groeneveld-Meijer
                                                           ME Bar No: 006892
                                                           Pine Tree Legal Assistance
                                                           39 Green Street
                                                           PO Box 2429
                                                           Augusta, ME  04338
                                                           (207) 552-3104
                                                           Nicolaasgm@ptla.org