UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:21-cv-00370-NT |
| | ) | |
| PAULO CERQUEIRA, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO PROCEED UNDER A PSEUDONYM**

Plaintiff seeks leave to proceed under a pseudonym. (Motion, ECF No. 3.) Plaintiff maintains the relief requested is appropriate given the highly personal circumstances underlying the complaint and the potential harm to her if her identity were disclosed. Defendants did not file an opposition to the motion.

Following a review of Plaintiff's motion and after consideration of the relevant factors, the Court grants in part Plaintiff's motion.

**BACKGROUND**

Plaintiff contends that while working on Defendants' farm, she experienced "threats of violence, and sporadic violence and sexual assault" by Defendants.[1] (Motion at 2.) Plaintiff asserts that prior to Defendants' alleged conduct, she had been diagnosed with

---

[1] In her complaint and in her motion, Plaintiff alleges she was sexually assaulted by Defendant Paulo Cerqueira on multiple occasions. (Motion at 5; Complaint ¶¶ 3, 42, 43, 44, ECF No. 1.) Defendants contest Plaintiff's allegations. (Motion to Dismiss at 3, ECF No. 13.)

post-traumatic stress disorder. (Complaint ¶ 15.)  She argues her anonymity is necessary in part to maintain her privacy and safety. (Motion at 6.)

## DISCUSSION

Generally, the "title of [a] complaint must name all the parties."  Fed. R. Civ. P. 10(a); *see also*, Fed. R. Civ. P. 17(a)(1) ("[a]n action must be prosecuted in the name of the real party in interest.")  Courts, however, have recognized exceptions to this rule, and under certain circumstances have permitted a party to proceed under a pseudonym.  In assessing whether to permit a party to proceed under a pseudonym, the Court "should balance a [party's] interest and fear against the public's strong interest in an open litigation process." *Doe v. Reg'l School Unit 21*, No. 2:19-cv-00341-NT, 2020 WL 2833248, at * 2 (D. Me. May 29, 2020) (internal quotation marks and citation omitted).  To balance the interests, other courts in the First Circuit have applied the factors identified by the Third Circuit in *Doe v. Megless*, 654 F.3d 404 (3rd Cir. 2011).  One court observed that "[t]he Third Circuit's test is consistent with the overall aim of the First Circuit's framework for sealing judicial records, insofar as the district court must proceed from the presumption of an open litigation process and may only limit such access in compelling circumstances." *Doe v. Trustees of Dartmouth College*, No. 18-cv-040-LM, 2018 WL 2048385 at * 5 (D. N.H. May 2, 2018)

> In *Megless*, the court articulated the following test:
>
> The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because

2

>of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
>
>On the other side of the scale, the factors which militate against the use of a pseudonym are as follows: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409.

Here, because Plaintiff filed her complaint under a pseudonym, Plaintiff's identity as a party to this case is unknown to the public. The record also lacks any evidence to suggest Plaintiff's identity is widely known among the public. Plaintiff maintains that her continued anonymity is necessary to prevent more psychological trauma and to "'safeguard recovery from trauma.'" (Motion at 6, quoting *Doe v. Reg'l Sch. Unit No. 21*, No. 2:19-cv-00341-NT, 2020 WL 2833248, at *3 (D. Me. May 29, 2020)). The potential for Plaintiff to be retraumatized or harmed psychologically by the public disclosure of her name is a factor that weighs in favor of Plaintiff's request. *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014) ("A showing of either a risk of retaliatory physical harm or a risk of mental harm weighs in favor of granting a plaintiff anonymity in a proceeding involving allegations of sexual assault.").

Furthermore, the public "has a strong interest in protecting the identities of sexual assault victims" to avoid a disincentive for other victims to report incidents of sexual

assault. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D. N.Y. 2006). In addition, Plaintiff is not a public figure, nor did she work for a public entity. The public's interest in Plaintiff's identity, therefore, is not beyond the public's ordinary interest in a party to a court proceeding. The record also does not support a finding that Plaintiff's request to proceed pseudonymously is illegitimately motivated.

The prejudice or "risk of unfairness" to Defendants if Plaintiff proceeded under a pseudonym is also a consideration. *Cabrera*, 307 F.R.D. at 5. Plaintiff maintains Defendants would not be prejudiced. (Motion at 7.) While the Court discerns no prejudice to Defendants at this stage of the proceedings given that Defendants seek dismissal principally on legal grounds, the Court cannot determine whether Defendants would be prejudiced if the matter proceeded beyond Defendants' motion to dismiss.

After considering the relevant factors, the Court concludes that the balancing of the strong interest in public access to court proceedings and Plaintiff's privacy and health interests militates in favor of permitting Plaintiff to proceed under a pseudonym at least through the resolution of Defendants' motion to dismiss. Plaintiff's identity is not necessary for the public to evaluate the Court's decision on the legal issues presented by the motion. If the matter proceeds beyond Defendants' motion to dismiss, the Court will convene a conference of counsel to discuss whether any further proceedings on Plaintiff's motion are warranted.

## CONCLUSION

Based on the foregoing analysis, the Court grants in part Plaintiff's motion to proceed under a pseudonym. Plaintiff may proceed under a pseudonym at least until the

Court rules on Defendants' motion to dismiss. Consistent with this determination, the Court grants Plaintiff's motion to seal. (Motion, ECF No. 3.) If the matter proceeds beyond Defendants' motion to dismiss, the Court will convene a conference of counsel to discuss whether any further proceedings on Plaintiff's motion are warranted.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of March, 2022.