UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:21-cv-00370-NT |
| v. | ) |
| | ) |
| PAULO CERQUIERA and MARA CERQUIERA, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendants, Paulo Cerquiera and Mara Cerquiera, through their undersigned counsel, submit their Reply to Plaintiff's Opposition to Defendants Motion to Dismiss, as follows:

**I.     THE ROOKER-FELDMAN DOCTRINE APPLIES TO PLAINTIFF'S CLAIMS.**

The First Circuit conducted a thoughtful review of the Rooker-Feldman Doctrine post *Exxon Mobil*[1], in *Federacion De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico*, 410 F.3d 17 (1st.Cit. 2005), which is helpful in understanding its application to the above captioned action. "Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over federal complaints...[that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments." *Federacion*, at 20 citing *Exxon Mobil*, 125 S.Ct. at 1521; *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (internal quotations omitted).

The First Circuit expressed concern for what appeared to be strict limitations on the application of the Rooker-Feldman doctrine expressed by *Exxon Mobil* and sought to clarify the

---

[1] *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

1

First Circuit's position on its application. *Id*. at 23-24.  In doing so, the First Circuit explained that

> In short, the Rooker-Feldman doctrine now applies only in the "limited circumstances" where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id*. The doctrine "does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id*. at 1522.

*Id* at 24.

The First Circuit further explained that

> Exxon Mobil tells us when a state court judgment is sufficiently final for operation of the Rooker-Feldman doctrine: when "the state proceedings [have] ended." 125 S.Ct. at 1526. If federal litigation is initiated before state proceedings have ended, then—even if the federal plaintiff expects to lose in state court and hopes to win in federal court—the litigation is parallel, and the Rooker-Feldman doctrine does not deprive the court of jurisdiction. *See id*. at 1526–28. On the other hand, if federal litigation is initiated after state proceedings have ended, and the ***plaintiff implicitly or explicitly*** "seek[s] review and rejection of [the state] judgment," *id*. at 1526, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under Rooker- Feldman, the federal courts lack jurisdiction.

*Id*. Emphasis added.

The First Circuit then explored what it means for a state court proceeding to have "ended."  "Generally speaking, state proceedings will have 'ended' in three situations. Two are obvious; the third perhaps is not." *Id*.   The first situation is when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have "ended." *Id*.  "In this situation, the state court judgment would constitute a '[f]inal judgment[ ] or decree[ ] rendered by the highest court of a State in which a decision could be had' under § 1257, it would carry preclusive effect in virtually every state, and—most relevant here—it would qualify under *Exxon Mobil*'s "ended" test." *Id*.

2

The second situation identified by the First Circuit is if the state action has reached a point where neither party seeks further action, then the state proceedings have also "ended." *Id*. "For example, if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended." *Id*. The First Circuit explained that

> [i]n this situation, the judgment would carry preclusive effect in virtually every state. It would usually not, however, be an appealable "[f]inal judgment[ ] or decree [ ] rendered by the highest court of a State in which a decision could be had" under § 1257. Nevertheless—and this is what matters—it qualifies under Exxon Mobil's "ended" test.

*Id*.

The third situation identified by the First Circuit is "if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated, then the state proceedings have "ended" within the meaning of Rooker-Feldman on the federal questions at issue." *Id* at 25. The First Circuit "infer[red] this meaning from a footnote in *Exxon Mobil* that provides an example of a federal suit that would be subject to Rooker-Feldman even though the state court litigation was still ongoing." *Id*. This third situation could occur where the litigation had not completely ended, but the state proceedings had ended as to all federal questions. *See Id*.; see *Exxon Mobil*, 125 S.Ct. at 1524 n. 2.

The First Circuit clarified that "Exxon Mobil means that our prior tests of finality (appealability under § 1257 and preclusive effect) are no longer applicable for Rooker-Feldman purposes." *Id*. at 27. In short, "a state proceeding may meet the "ended" test of *Exxon Mobil* even if it fails one or both of those prior tests." *Id*. The applicability of the Rooker-Feldman doctrine, therefore, no longer turns on whether the state court decision was "final" or "preclusive." *Id*. "Rather, [the Court] examine[s] the posture of the case in the state court—i.e.,

3

whether "state proceedings [have] ended," 125 S.Ct. at 1526—and the relief sought in the federal court." *Id*. citing *Exxon Mobil* at 1526.

### A.  Plaintiff is effectively state court loser for purposes of Rooker-Feldman Doctrine.

Contrary to Plaintiff's position in her Opposition Brief, Plaintiff is effectively the loser in her state court proceeding because on two occasions Plaintiff agreed to an Order for Protection from Abuse ("PFA Orders") wherein she acknowledged to the District Court that she agreed to a finding of no abuse. *See* Mot. Exs. B, C and D.  By consenting to a finding of no abuse she has effectively waived her ability to assert her claims under the federal human trafficking statute because the Protection from Abuse Statute, 19-A M.R.S. §4001, et seq., encompasses claims of human trafficking, and Plaintiff's admission and consent that there was no abuse is determinative.

Here, Plaintiff stated an identical claim for in her Protection from Abuse Complaint which she now raises in her federal complaint which has been determined in the state court proceeding.  By consenting, twice, to a finding of no abuse, and failing to appeal the Orders entered by the District Court, she effectively lost her right to have an evidentiary hearing on the allegations of abuse, and specifically the allegations relating to human trafficking now raised in this Court.  Therefore, Plaintiff is effectively the state court loser for the purposes of the application of the Rooker-Feldman Doctrine.

Moreover, and as suggested by Plaintiff's Opposition Brief, Plaintiff had an opportunity to seek other relief from the Court under 19-A M.R.S. §4007(1)(K).  Section 4007(1)(K) provides that relief may be granted by

> K. Ordering payment of monetary relief to the plaintiff for losses suffered as a result of the defendant's conduct. Monetary relief includes but is not limited to loss of earnings or support, reasonable expenses incurred for personal injuries or

> property damage, transitional living expenses and reasonable moving expenses. Upon the motion of either party, for sufficient cause, the court may set a later hearing on the issue of the amount of monetary relief, if any, to be awarded. Nothing in this paragraph may be construed to limit the court's discretion to enter any of the other available relief under this chapter, and does not preclude a plaintiff from seeking monetary relief through other actions as permissible by law.

Plaintiff did not seek any other relief from the District Court in her Protection from Abuse proceeding, but instead consented to two Orders with a finding of no abuse. *See* Mot. Exs. B, C and D. Although Defendants deny that Plaintiff has stated a claim for human trafficking under the federal statute, she certainly was entitled to also bring an action for civil remedies under the state's equivalent, 5 M.R.S. § 4701, in addition to the underlying Protection from Abuse proceeding. Plaintiff is now effectively complaining about her failure to utilize the additional relief, monetary or otherwise, she could have sought in the District Court proceeding.

### B.   Plaintiff is attempting an end run around the District Court's Orders – and seeking to do in federal court what she did not do in state court.

Plaintiff is effectively asking this Court to review and overturn the District Court Orders of Protection from Abuse in order to assert claims under the Trafficking With Respect to Peonage, Slavery, Involuntary Servitude or Forced Labor Act, 18 U.S.C. §1581, *et seq*. ("TVPRA"), as well as assert supplemental jurisdiction over her state law claims arising from the same facts in the Protection from Abuse action. *See* Ex. A. As set forth above, Plaintiff had an opportunity to assert a claim for monetary damages and other relief from the District Court, as well as have a hearing on the claims of abuse, forced labor, human trafficking, sexual and physical abuse, among others. Instead, she consented twice to findings of no abuse and allowed two District Court Orders to be entered with such finding, and did not file an appeal of those findings. *See* Mot. Exs. B, C and D.

5

  **C.** **Plaintiff is seeking to have the Federal District Court review the claims of abuse from the state court proceeding**.

As set forth in Defendants Motion and herein, Plaintiff seeks review of the District Court's Orders finding no abuse. *Id.* Plaintiff had an opportunity to appeal the Orders of the District Court and seek other relief, including monetary damages, from the District Court, and she failed to do so. Now, she seeks a finding from this Court that the Defendants engaged in abuse, forced labor, human trafficking, sexual and physical abuse, among other claims, which were determined in the underlying District Court proceeding.

For the reasons set forth herein, the Rooker-Feldman Doctrine applies to Plaintiff's federal claim.

**II.** **DEFENDANTS DISPUTED THE BREACH OF CONTRACT CLAIM RELATING TO THE TRAILER RENT TO OWN AGREEMENT**.

Contrary to Plaintiff's assertions in her Opposition brief, Plaintiff only asserted a claim for breach of contract relating to the employment agreement. *See* Oppos.Br. at 14, fn.2. However, Defendants addressed, and disputed the claims relating to Plaintiff's breach of contract claims relating to the Trailer. *See* Mot. At 18. Importantly, Plaintiff did not raise the rent to own agreement under her breach of contract theory, but instead complained about it in the context of her Unjust Enrichment/Quantum Meruit claim for relief. Compl. at ¶ 144. For the same reasons set forth in Defendants Motion, Plaintiff has failed to state a claim for relief for breach of contract relating to the Trailer rent to own agreement.

**III.** **PLAINTIFF'S COMPLAINT DOES NOT STATE ANY CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR NEGLIGENCE.**

In footnote 2 of Plaintiff's Opposition brief, Plaintiff claims that Defendants do not address or dispute her claims for relief of intentional infliction of emotional distress or negligence. *See* Oppos. Br. at 14, fn. 2. However, Plaintiff's Complaint does not set forth any

separate claim for either intentional infliction of emotional distress or negligence. To the extent that these claims are hidden within the confines of one of the other eight enumerated claims, Defendants move these claims be dismissed under Fed.R.Civ.P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief has been granted.

As set forth herein, this Court lacks subject matter jurisdiction over this matter, or in the alternative Plaintiff has failed to state a claim upon which relief may be granted. Wherefore, Defendants pray this Court grant their Motion to Dismiss and any other relief this Court deems just and proper.

### IV. PLAINTIFF'S CLAIMS UNDER MAINE WAGE AND HOUR STATUTE FAILS.

Plaintiff cites *Richardson v. Winthrop Sch. Dep't*, 983 A.2d 400, 402 (Me. 2009) in support of her position that she is entitled to unpaid wages under 26 M.R.S. § 626. As the *Richardson* Court pointed out "[t]he purpose of Maine's wage payment statute, 26 M.R.S. § 626, is to provide former employees with a cause of action to seek payment of unpaid wages and vacation time." *Id*. citing *Madore v. Kennebec Heights Country Club*, 926 A.2d 1180, 1184 (Me. 2007). The *Richardson* Court explained that the relevant portion of the statute provides that:

> An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid.... Whenever the terms of employment include provisions for paid vacations, vacation pay on cessation of employment has the same status as wages earned. 26 M.R.S. § 626.

According to the *Richardson* Court, "[i]nterpretation of section 626 is governed by its plain language, which is unambiguous." *Id*. citing *Bisbing v. Me. Med. Ctr*., 2003 ME 49, ¶ 5, 820 A.2d 582, 584. The *Richardson* Court explained that "[a]lthough section 626 creates a statutory right for former employees to seek payment, ***entitlement to payment is governed solely by the terms of the employment agreement***." *Id*. citing *Rowell v. Jones & Vining, Inc*., 524 A.2d 1208,

1210–11 (Me.1987) (emphasis added). "Therefore, pursuant to section 626, a former employee may only claim *what is owed according to the terms of the employment agreement*; section 626 does not modify or supercede its terms." *Id*. Emphasis added. To the extent that Plaintiff can invoke the provisions of section 626, which Defendants dispute, she is limited to the terms of her employment agreement with Defendants and must have also made demand upon Defendants as set forth in the statute.

As set forth in Defendant's Motion and herein, this Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine. In the alternative, Plaintiff's claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dated this 16th day of March, 2022.

>Respectfully submitted,
>
>/s/Janna Gau
>Janna L. Gau, Maine Bar No. 6043
>Timothy C. Woodcock, Maine Bar No.1663
>EATON PEABODY
>80 Exchange Street, P.O. Box 1210
>Bangor, Maine  04402-1210
>(207)947-0111
>jgau@eatonpeabody.com
>twoodcock@eatonpeabody.com

## CERTIFICATE OF SERVICE

I, Janna Gau, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 16th day of March, 2022.

>*/s/Janna Gau*