UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| JANE DOE | ) ) ) ) | |
| v. | ) ) ) | Civil No. 1:21-cv-00370-NT Consent Confidentiality Order |
| PAULO CERQUEIRA MARA CERQUEIRA | ) ) ) | |

The parties to this Consent Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere

with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The parties may mark such documents electronically, provided that the labels do not obscure the contents of the documents. The parties shall produce documents electronically, utilizing secure file transfer software, in a manner that protects the confidentiality of each party's information. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3.  Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney[1] or a party appearing *pro se* who has in good faith determined that the documents contain information protected from disclosure by statute or that should be

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the District of Maine and need not file the certification required of visiting lawyers by Local Rule 83.1(c) unless he/she is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

protected from disclosure as (a) research, technical, or commercial information that the party has maintained as confidential; (b) personal identity information, including Plaintiff's name; (c) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms, communications for the purposes of obtaining or receiving public benefits; and (d) medical information concerning any individual.  The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.  Information or documents that are available in the public sector may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

    4. **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until seven days after delivery of the transcript by the court reporter. Within seven days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript

to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order. The failure to serve a Notice of Designation shall  waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition, unless there is good cause shown by the waiving party why the waiver shall not take effect.  If deposition excerpts have not been designated as confidential pursuant to this order, they are not to be treated as sealed documents when filed with the court.

### 5.  Protection of Confidential Material.

**(a)  General Protections.**  Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b)  Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents

4

to any third person or entity except as set forth in subparagraphs (1)-

(6). Subject to these requirements, the following categories of

persons may be allowed to review documents that have been

designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

> **(1)  Counsel.** Counsel for the parties and employees of
>
> counsel who have responsibility for the preparation and trial of
>
> the action;
>
> **(2) Parties.** Parties to this Order but only to the extent counsel
>
> determines that the specifically named individual party
>
> assistance is reasonably necessary to the conduct of the
>
> litigation in which the information is disclosed. Medical
>
> information concerning any individual shall not be disclosed to
>
> any other party and documents that reveal medical information
>
> concerning any individual shall be designated "HIGHLY
>
> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."
>
> **(3) Court Reporters and Recorders.** Court reporters and
>
> recorders engaged for depositions;
>
> **(4) Contractors.** Those persons specifically engaged for the
>
> limited purpose of making copies of documents or organizing
>
> or processing documents but only after each such person has

completed the certification contained in Attachment A,

Acknowledgment of Understanding and Agreement to Be

Bound.

**(5) Consultants and Experts.** Consultants, investigators, or

experts (hereinafter referred to collectively as "experts")

employed by the parties or counsel for the parties to assist in

the preparation and trial of this action but only after such

persons have completed the certification contained in

Attachment A, Acknowledgment of Understanding and

Agreement to Be Bound; and

**(6) Others by Consent.**  Other persons only by written

consent of the producing party or upon order of the Court and

on such conditions as may be agreed or ordered. All such

persons shall execute the certification contained in Attachment

A, Acknowledgment of Understanding and Agreement to Be

Bound.

**(c)  Control of Documents.**  Counsel for the parties shall make

reasonable efforts to prevent unauthorized disclosure of documents

designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER pursuant to the terms of this Order.  Counsel shall maintain

the originals of the forms signed by persons acknowledging their

obligations under this Order for a period of six years from the date of

signing.

**(d)  Copies.**  Prior to production to another party, all copies,

electronic images, duplicates, extracts, summaries or descriptions

(hereinafter referred to collectively as "copies") of documents

designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER under this Order, or any individual portion of such a

document, shall be affixed with the designation "CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER" if the word does not already

appear on the copy.  All such copies shall thereafter be entitled to

the protection of this Order.  The term "copies" shall not include

indices, electronic databases or lists of documents provided these

indices, electronic databases or lists do not contain substantial

portions or images of the text of confidential documents or otherwise

disclose the substance of the confidential information contained in

those documents.

**6.  Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE**

**ORDER Documents.** Before any document marked as CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER is filed with the Clerk the party filing

the document shall make reasonable efforts to ensure that the document is protected from public disclosure or has been redacted to remove nonessential confidential information.  The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal.  Where agreement is not possible or adequate, a confidential document may be electronically filed under seal only in accordance with Local Rule 7A.  Other than motions to seal and memoranda governed by Local Rule 7A, if the confidential contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents are incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential version.  The public version shall contain a redaction of the contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with the Clerk.  The confidential version shall be a full and complete version of the pleading, including any exhibits which the party maintains should be under seal and shall be filed with the Clerk attached to a motion to seal filed in accordance with Local Rule 7A.  The public version shall plainly indicate the exhibits (both by number and description of the exhibit) that have been filed under seal with the

confidential version.  In the event the confidential exhibit must be filed

under seal because the parties cannot reach agreement on redaction, the

filing party, if not the party seeking to maintain confidentiality status, shall

describe the document and give it an Exhibit Number, indicating that it will

be filed separately under seal by the opposing party.  The party seeking to

maintain confidential status shall file a motion to seal in accordance with

Local Rule 7A within 3 business days of the filing of the opposing party's

pleading.  Failure to file a timely motion to seal could result in the

pleading/exhibit being unsealed by the court without further notice or

hearing.

**7.  No Greater Protection of Specific Documents.**  No party may

withhold information from discovery on the ground that it requires

protection greater than that afforded by this Order unless the party moves

for an order providing such special protection.

**8.  Challenges by a Party to Designation as Confidential.** Any

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is

subject to challenge by any party or non-party (hereafter "party").  The

following procedure shall apply to any such challenge.

**(a)  Objection to Confidentiality.** Within 30 days of the receipt of

any document designated CONFIDENTIAL - SUBJECT TO

9

PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents.  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

**(b)  Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c) Obligation to File Motion.** If the parties cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made, but the fact that the parties have agreed that the document will remain confidential for all purposes other than use in court does not mean that the item will necessarily be ordered sealed by the Court, even in the absence of objection by the opposing party.

**9. Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**10. Use of Confidential Documents or Information at Trial.**  A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)  Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the

receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

**(c)  Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**12. Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.

**13.  No Prior Judicial Determination.**  This Order is entered based

on the representations and agreements of the parties and for the purpose

of facilitating discovery.  Nothing herein shall be construed or presented as

a judicial determination that any documents or information designated

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the

parties is subject to protection under Rule 26(c) of the Federal Rules of

Civil Procedure or otherwise until such time as the Court may rule on a

specific document or issue.

**14.  Persons Bound.**  This Order shall take effect when entered and

shall be binding upon all counsel and their law firms, the parties, and

persons made subject to this Order by its terms.

*So Ordered.*

Dated:  September 22, 2022          /s/ Karen Frink Wolf
                                    U.S. Magistrate Judge

**WE SO CONSENT**              **WE SO CONSENT**
**and agree to abide by the**   **and agree to abide by the**
**terms of this Order**         **terms of this Order**

Dated: September 21, 2022       Dated: September 21, 2022

/s/Nicolaas W. Groeneveld-Meijer   /s/Janna L. Gau
Nicolaas W. Groeneveld-Meijer      Janna L. Gau, ME Bar No. 6043
ME Bar No. 6892                    Timothy C. Woodcock,
PINE TREE LEGAL ASSISTANCE, INC.   ME Bar No. 1663
39 Green Street, P.O. Box 2329     EATON PEABODY

14

Augusta, ME 04388-2429
(207)552-3104
nicolaasgm@ptla.org


Kali N. Bracey
Andrew B. Cherry
Claire M. Lally
JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, D.C. 20001
(202) 639-6000
kbracey@jenner.com
acherry@jenner.com
clally@jenner.com


*Counsel for Plaintiff*

80 Exchange Street
P.O. Box 1210
Bangor, Maine 04402-1210
(207)947-0111
jgau@eatonpeabody.com
twoodcock@eatonpeabody.com


*Counsel for Defendants*

15

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JANE DOE             )
                        )

v.                    )  Civil No. 1:21-cv-00370-NT
                      )  Consent Confidentiality Order

PAULO CERQUEIRA   )
MARA CERQUEIRA    )

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Maine in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

16

The undersigned acknowledges that violation of the Confidentiality

Order may result in penalties for contempt of court.

Name:          _____

Job Title:       _____

Employer:       _____

Business Address:          _____

_____

_____

Date: _____    _____
                              Signature